[Crim. No. 16033. Second Dist., Div. Five. Feb. 24, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
RAY HENRY OSTERMAN, Defendant and Appellant.

## Counsel

Philip J. Catanzaro, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and Donald B. Marks, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**STEPHENS, J.**—Defendant was charged by information with a violation of the Dangerous Weapons' Control Law (Pen. Code, § 12021) by having in his possession a .22 caliber revolver having a barrel less than 12 inches long and capable of being concealed on the person, a felony, after having been previously convicted of forgery (Pen. Code, § 470). By amendment to the information, defendant was also charged with having been previously convicted of burglary (Pen. Code, § 459). Defendant pleaded not guilty, and denied the prior burglary conviction. Defendant's motion to suppress the evidence pursuant to Penal Code section 1538.5 was heard and denied. Defendant and all counsel waived trial by jury, and by stipulation of counsel, the cause was submitted on the transcript of the preliminary hearing, subject to the trial court's rulings, with each side reserving the right to offer additional evidence. Such additional testimony was taken. Defendant was found guilty as charged. No finding was made with regard to the allegation of the prior conviction of burglary. Probation was denied,

and defendant was sentenced to imprisonment in the county jail for 180 days. This appeal is from the judgment of conviction.

It is unnecessary to set forth the facts leading up to defendant's arrest. Reversal is required because the evidence does not sustain the conviction of violation of Penal Code section 12021.

One element of the charge is that the firearm possessed by defendant has a barrel "less than twelve inches in length." ▮ The revolver involved was admitted into evidence as Exhibit #3 and has been examined by us, just as it was available for examination by the trial judge. This being the case, the length thereof is not a fact which is subject to a discretionary trial court finding. The measurement is an uncontroverted fact, and is not subject to expert testimony. In fact, no expert testimony was taken as to where a barrel begins or ends, the only testimony being that an officer measured the barrel from its muzzle[1] to "where the barrel affixes to the receiver," and stated his finding to be 11⅞ inches overall. ▮ As is commonly known, and is apparent by an examination of the exhibit, the *barrel* screws into (or otherwise is held firm within) the receiver, and extends to within a small fraction of an inch of the revolver's cylinder (in the instant case, approximately 1/32 of an inch). The fact that a portion of the barrel extends into or through the frame which is referred to as the "receiver" does not reduce the barrel's length.[2] Webster's Third New International Dictionary succinctly defines a "barrel" as ". . . 3: a drum or cylinder or similar round part; as b: the tube of a gun from which the projectile is discharged." The length is measured from the breech to the muzzle, which is but another way of saying: from its beginning to its end.[3] ▮ As the exhibit itself establishes, the length of the *barrel* is 12⅜ inches overall (including that portion extending through the frame), and hence the weapon is not one within the purview of Penal Code sections 12021 or 12001, which define a "firearm capable of being concealed upon the person."

We do not say by this opinion that the defendant may not be recharged, alleging a violation of Penal Code section 12020 (possession of a weapon made from a rifle and having a barrel of less than 16 inches in length),

---

[1]Defined in Webster's Third New International Dictionary as "the end of a weapon from which the projectile emerges."

[2]The breech end of the barrel is customarily encased by a cylinder strap, but this does not extend beyond the barrel end. (See Textbook of Firearms Investigation, Identification & Evidence, J. S. Hatcher (1935) p. 227; Firearms Investigation, Identification & Evidence, Hatcher-Jury-Weller (1957) p. 118.)

[3]Defined in Webster's Third New International Dictionary: "Breech—3a: the part of a cannon or other firearm at the rear of the bore."

since the weapon involved is clearly one which has been altered and modified by the attachment of a portion of a rifle barrel.

The judgment is reversed.

Kaus, P. J., and Reppy, J., concurred.